UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| RICHARD GIST, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 3:22-CV-P270-CHB |
| v. | ) | **MEMORANDUM AND ORDER** |
| TRINITY SERVICES GROUP *et al.*, | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Richard Gist, a pretrial detainee, filed a Motion for Appointment of Counsel. [R. 10]. In his motion, Plaintiff reports that this civil action pertains to "Glass being eat in dinner Tray," and he seeks counsel "[b]ecause of lack of knowledge of this type of case." *Id.* at 1.

"Appointment of counsel in a *civil* case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (emphasis added); *see also Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."). Under 28 U.S.C. § 1915(e), "[t]he court *may* request an attorney to represent any person unable to afford counsel." § 1915(e)(1) (emphasis added). However, appointment of counsel is a matter "'within the discretion of the court,'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)), and "'is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "To determine whether these exceptional circumstances exist, courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). "This generally involves a determination of the 'complexity

of the factual and legal issues involved.'" *Lavado*, 992 F.2d at 606 (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)).

The complexity of the issues in this case does not necessitate the appointment of counsel, and a review of Plaintiff's filings thus far reveals that he is sufficiently articulate and able to present his case to the Court. Moreover, Plaintiff does not show how his circumstances are different from other *pro se* prisoner plaintiffs. *See, e.g.*, *King v. Mays*, No. 3:18-CV-00112, 2018 WL 2684577, at *2 (M.D. Tenn. June 5, 2018) (finding "indigence and lack of legal knowledge or training are circumstances typical of prisoner litigants, rather than anything of an exceptional nature"); *Stewart v. United States*, No. 2:13-cv-02896-STA-egb, 2017 WL 939197, at *1 n.1 (W.D. Tenn. Mar. 7, 2017) (finding appointed counsel not warranted "on grounds that the issues in the case are 'too complex for him' and that he has 'extremely limited access to the law library,' is 'mentally ill,' 'does not have an education,' and has 'a limited knowledge of the law'"); *Coates v. Kafczynski*, No. 2:05-CV-3, 2006 WL 416244, at *1 (W.D. Mich. Feb. 22, 2006) ("[T]here is nothing exceptional concerning [a prisoner's] incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts. These are ordinary and routine impediments incident to prisoner litigation."). The Court, therefore, finds that Plaintiff has not set forth any exceptional circumstances warranting appointment of counsel and will deny the motion.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel **[R. 10]** is **DENIED**. Nothing in this Order shall preclude Plaintiff from requesting appointment of counsel at a future point in this action should circumstances arise to justify such an appointment.

This the 9th day of August, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
A958.005

2