UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| RICHARD GIST, | ) |
|     Plaintiff, | ) Civil Action No. 3:22-CV-P270-CHB |
| v. | ) **MEMORANDUM OPINION AND** |
| TRINITY SERVICES GROUP, *et al.*, | ) **ORDER** |
|     Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on initial review of Plaintiff Richard Gist's *pro se* Complaint [R. 1] pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss this civil action.

## I. MOTION TO AMEND THE COMPLAINT

Before conducting its initial review, the Court considers Plaintiff's Motion to Amend the Complaint. [R. 15]. Plaintiff wishes to amend the Complaint to add as Defendants Wellpath and Nurse Maya Kemp in her individual capacity for both negligence and deliberate indifference. *Id.* He also wishes to add John and Jane Does as Defendants in their individual capacities. *Id.* His motion [**R. 15**] is **GRANTED**. Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it[.]").

The Clerk of Court is **DIRECTED** to add Wellpath, Nurse Maya Kemp, and John and Jane Does as Defendants in this action.

## II. SUMMARY OF CLAIMS

Plaintiff was a pretrial detainee at the Louisville Metro Department of Corrections (LMDC) at the time he filed this 42 U.S.C. § 1983 suit. [R. 1, p. 1]. His original Complaint

names as Defendants the Trinity Services Group (TSG), which is the food service provider at LMDC; LMDC Director Dwayne Clark in his individual capacity; and LMDC Major Martin Baker. *Id*. at 2. He does not specify in what capacity he sues Defendant Baker. *Id*. Plaintiff has since added as Defendants Wellpath, which the Court presumes to be the medical provider at LMDC, and Nurse Kemp and John and Jane Does in their individual capacities. [R. 15].

According to the original Complaint, while eating dinner on January 15, 2022, Plaintiff "noticed [that] when chewing [he] was having crunchy eatings," but continued to eat. [R. 1, p. 2]. Plaintiff alleges that a piece of glass caught in his throat during his last mouthful of dinner. *Id*. He states that after coughing multiple times, the piece of glass "came up." *Id*. He alleges that Defendant TSG violated his constitutional rights "by not following safety protocols," *id*., and "fail[ing] to oversee the food [he] was served." *Id*. at 5.

The Complaint next alleges that Defendants Clark and Baker "failed to provide the proper safety/security etc. [and] failed all protocols of [his] safety." *Id*. Plaintiff asserts, "These are all codes of violations.[1] And constitution rights." *Id*.

Plaintiff alleges that following this incident he found blood in his stool. *Id*. at 7. He states:

> When talking to medical staff about blood in my stool they repeatedly told me to just drink water mixed with the other powder meds they wanted me to mix with water to flush my system out. They refused to take me to the hospital to get the proper treatment I needed where I kept telling them my stomach was hurting pretty bad and bleeding from the rear end.

*Id*. According to Plaintiff, this incident has made him afraid to eat. *Id*. He further states that he is "still not being provided the medical nor psychiatric treatment" he needs. *Id*.

As relief, Plaintiff requests damages and to be immediately released from custody. *Id*. at 6.

---

[1] The Court interprets Plaintiff's meaning to be that "codes" were violated.

Among the attachments to the Complaint is a copy of a January 15, 2022, LMDC incident report by non-Defendant Sergeant Ferguson who observed Plaintiff coughing and allegedly spitting up a small piece of glass. [R. 1-2, p. 1]. According to the report, another inmate also claimed that he ate a piece of glass in his dinner tray. *Id*. Sergeant Ferguson reported that he asked Defendant Kemp to "clear" Plaintiff "to remain inside of the facility" and that she did. *Id.* According to the report, Sergeant Ferguson retrieved the two pieces of glass that Plaintiff and the other inmate claimed to have eaten and, after reviewing "DVR," could not conclusively determine that the inmates had "planted the glass in their trays." *Id*.

Also attached are copies of several of Plaintiff's grievances related to the January 15th incident, *id*. at 5-9, and a response to Plaintiff's grievance concerning the glass in his food and his subsequent fear of eating "trays" in LMDC. *Id*. at 4. The response was "[t]here are no glass items or products in the kitchen. Please speak to floor Sgt, Lt, or Cpt about having your tray delivered personally." *Id*.

### III. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the Complaint and dismiss the Complaint, or any portion of it, if the court determines that the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (per curiam). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Further, although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## IV. ANALYSIS

### A. Section 1983 claims

To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th

4

Cir. 2001). Because § 1983 is a vehicle for vindicating federal rights, rather than a source of substantive rights itself, the first step in a § 1983 action is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Prison officials have a constitutional duty to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty lies in the Eighth Amendment for convicted inmates and in the Fourteenth Amendment for pretrial detainees like Plaintiff. The Court construes the Complaint as alleging Fourteenth Amendment violations related to contamination of Plaintiff's food with glass and to his medical care.

*1. Glass in food*

According to Plaintiff, on January 15, 2022, his dinner was "crunchy," and during his last mouthful of dinner, a piece of glass temporarily lodged in his throat. [R. 1, p. 2]. He alleges that Defendant TSG violated his constitutional rights "by not following safety protocols to institution" and "failed to oversee the food [he] was served." *Id.* at 4-5. Plaintiff further alleges that Defendants Clark and Baker "failed to provide the proper safety/security etc. [and] failed all protocols of [his] safety," thereby violating "codes" and his constitutional rights. *Id.* at 5. Thus, Plaintiff alleges that Defendants were responsible for conditions of confinement resulting in there being glass in his food on one occasion.

A pretrial detainee who seeks to allege a conditions-of-confinement claim must first demonstrate a sufficiently serious deprivation, *i.e.*, that he was denied "'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Whether a deprivation meets the sufficiently serious standard depends on both the severity of the deprivation, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[E]xtreme


deprivations are required to make out a conditions-of-confinement claim."), and the duration. *See Lamb v. Howe*, 677 F. App'x 204, 209-10 (6th Cir. 2017).

In alleging that on one occasion, he found glass in his food, Plaintiff fails to allege a sufficiently serious deprivation because food that is occasionally contaminated with foreign objects, "while unpleasant, does not amount to a constitutional deprivation." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985)*; see also Hunter v. Davidson Cnty. Max. Corr. Ctr.*, No. 3:22-CV-00795, 2023 WL 1999874, at *2 (M.D. Tenn. Feb. 14, 2023) ("[Detainee's] allegation that he choked on a small wooden object in his food on one occasion does not support a claim . . . because that incident, while undoubtedly distressing, does not amount to a constitutional violation."). This is true even if some harm occurred. *See Page v. R.C.A.D.C.*, No. 3:22-cv-00650, 2022 WL 4486400, at *1, 4 (M.D. Tenn. Sept. 26, 2022) (dismissing detainee's claim based on allegation of biting into a rock while eating lunch and damaging two of his teeth). Therefore, Plaintiff fails to state a claim related to the glass in his food.

*2. Medical care*

Plaintiff alleges that following the January 15th incident he told "medical staff" that his stomach hurt and that there was blood in his stool, but they simply told him "to just drink water mixed with the other powder meds they wanted me to mix with water to flush my system out" and refused to take him to the hospital. [R. 1, p. 7].

"Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F. 4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted, brackets in *Hyman*). This claim requires the detainee to "show (1) that [he] had a sufficiently serious medical need and (2) that each

defendant acted deliberately (not accidentally), and also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (cleaned up).

Accepting the allegations as true, Plaintiff satisfies the objective component of this claim by alleging that he had stomach pains and blood in his stool after (possibly) ingesting glass. However, he cannot satisfy the subjective component because the medical staff did not act recklessly. They responded to Plaintiff's complaint by providing him with powder medicines to be taken with water to flush out his system. Thus, Plaintiff received medical treatment, although not the medical treatment that he requested, *i.e.*, to be taken to the hospital.

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In cases "[w]here a prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments.'" *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake*, 537 F.2d at 860 n.5). Still, "treatment may be constitutionally impermissible when it is so woefully inadequate as to amount to no treatment at all." *Richmond v. Huq*, 885 F.3d 928, 939 (6th Cir. 2018) (internal quotation marks omitted).

Here, Plaintiff's allegations do not indicate that the prescribed treatment of powder medicines to take with water to flush his system was "woefully inadequate." The Complaint, which he did not file until more than three months after the incident, does not allege that the medicine regimen did not flush out his system, that he suffered any further ill effects after being given those medicines, or that the hospital would have treated him any differently.

Plaintiff also alleges that he is not being provided "psychiatric treatment" he needs and that this incident has made him afraid to eat. As to Plaintiff's allegation that he has not been given psychiatric treatment, it is not clear what Plaintiff wants psychiatric treatment for, although he alleges that he is afraid. It is not obvious to the Court that fear of eating after finding glass in a dinner tray on one occasion is a serious mental-health need. However, even considering it to be a serious medical need for purposes of this initial review, Plaintiff has not made any showing that would meet the subjective prong of the deliberate-indifference test, *i.e.*, that any Defendant acted deliberately and also "recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine*, 60 F.4th at 317 (internal citations and quotation marks omitted). Plaintiff does not allege that he asked for psychiatric treatment for his fear or for any other mental-health problem and was denied. Consequently, the Court will dismiss Plaintiff's claims for deliberate indifference to a serious medical need for failure to state a claim upon which relief may be granted.

### B. Alleged "protocol" and "code" violations

The Complaint also refers to alleged violations of "protocols" and "codes." [*See* R. 1, p. 5]. Liberally construing Plaintiff's Complaint, it appears that Plaintiff may be referring to internal protocols of TSG and/or LMDC, or perhaps county or state health and food-safety codes. Any such violation would not state a § 1983 claim. *See Harper v. (Unknown) Arkesteyn*, No. 19-1928, 2020 WL 4877518, at *2 (6th Cir. Apr. 28, 2020) ("[Section] 1983 does not provide redress solely for state law violations[.]"); *Williams v. Thomas*, No. 1:16-CV-01330-JDB-cgc, 2019 WL 1905166, at *5 (W.D. Tenn. Apr. 29, 2019) ("[T]he violation of a prison regulation is not actionable under § 1983."); *Gardner v. Lemkins*, No. 5:09-CV-156-KKC, 2009 WL 1421042, at *2 (E.D. Ky. May 18, 2009) ("[A]lleged violations of Kentucky law are not actionable under §

1983."); *Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) ("Merely failing to follow a particular administrative rule does not constitute a violation of the constitution."). Accordingly, Plaintiff fails to state a claim upon which relief may be granted related to violations of "protocols" or "codes."

**C. State-law negligence claims**

Plaintiff's Amended Complaint added Defendants Wellpath and Kemp for both negligence and deliberate indifference. [R. 15]. To the extent that Plaintiff wishes to raise a separate state-law negligence claim against Defendants Wellpath and Kemp related to his medical care, because his federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The state-law claims, therefore, will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this civil action.

This 14th day of March, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
    Defendants
    Jefferson County Attorney
A958.009